UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**KING PHARMACEUTICALS, INC., et al.,**

                  **Plaintiffs,**          **MEMORANDUM AND ORDER**

       -against-                        **04-CV-5540 (DGT)**

**EON LABS, INC.,**

                  **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court are defendant Eon's motions to compel plaintiff King and counterdefendant Elan to respond to Eon's discovery demands (docket entries ["D.E."] #179 and #180, respectively); Elan's motion for a protective order (D.E. #183) and opposition to Eon's motion (D.E. #182); King's opposition to Eon's motion to compel (D.E. #185); and Eon's opposition to Elan's motion for a protective order (D.E. #186).[1] For the reasons that follow, the various discovery motions are granted in part and denied in part.[2]

## DISCUSSION

This latest round of motions must be viewed in the context of the prior proceedings. In

---

[1] On July 10, 2008, Eon moved (D.E. #190) to strike reply letters filed by Elan (D.E. #188) and King (D.E. #189) or, in the alternative, to have the Court consider Eon's sur-reply (D.E. #190). While none of these submissions adds much to the parties' arguments, the Court has nevertheless chosen to consider rather than strike them all.

[2] On July 10 and 11, 2008, Eon moved to compel Elan and King to respond to additional document demands and further interrogatories (D.E. #191 and #192). As Elan and King have not yet responded to those motions, the Court will not rule on those specific disputes at this time. Nevertheless, the Court observes that a number of the latest discovery demands suffer from the same infirmities identified in this Memorandum and Order.

particular, more than a year ago, in related litigation involving 400 mg metaxalone tablets, Eon argued to Judge Trager that "the facts and issues" in that case and the instant action (involving 800 mg tablets) are "completely common," see D.E. #189 at 9 in <u>Eon Pharmaceuticals, Inc. v. Eon Labs, Inc.</u>, 03-CV-6 (DGT), and that therefore discovery in both cases "is completely common." <u>Id</u>. at 26. Thereafter, in a letter to the undersigned magistrate judge in this case, Eon similarly asserted that "[d]iscovery concerning Eon's generic 400 mg. metaxalone tablet ANDA product, which was the subject of Civil Action No. 03-0006, was completed, and was closed, years ago," and that discovery should now be "confined to [that] concerning Eon's 800 mg metaxalone tablet." D.E. #97 at 3; <u>see also</u> D.E. #105 at 2 (Eon contends that "[p]atent validity and patent enforceability issues in the 400 mg cases and in this case are completely common and therefore are ready for trial."); D.E. #88 at 1 (Eon notes that discovery and depositions in the related actions were "taken as if [they] were done in this case."); D.E. #103 at 1 (Eon asserts to Judge Trager that "fact and expert discovery concerning patent validity have been completed" and that "no additional discovery concerning validity is necessary."). In fact, very recently, in successfully opposing King's motion to compel discovery, Eon repeatedly and broadly reiterated that there had been "full" and "complete discovery" on the 400 mg product in the related litigation. D.E. #152 at 2; <u>accord</u> D.E. #181 at 4; D.E. #157 at 2.

Because of the extensive discovery exchanged in those earlier related actions, this Court ruled on February 15, 2008, that discovery in the instant case must be "narrowly focused on the new issues presented" and completed on an expedited basis. D.E. #98 at 1; <u>see also</u> D.E. #102 at 7-8, 11. Eon's pending discovery demands essentially ignore its prior representations

and arguments and this Court's admonitions. Simply put, contrary to Eon's suggestion (D.E. #186 at 1-2), discovery *has* been limited -- at Eon's behest. Cf. D.E. #181 at 1-2 (Eon accuses King of ignoring those limits).

That is not to say that Eon may take no discovery in this case: Eon is of course entitled to discovery relating to new issues and, as discussed below, will be permitted to serve narrowly focused demands for additional information.[3] But given the breadth of discovery generated in the related cases (see D.E. #183 Ex. 1) -- as well as and the need to complete discovery and motions practice on an expedited schedule in order to comply with Judge Trager's order that the case be ready for trial in the fall (D.E. #112 at 3) -- no party will be permitted to "reinvent the wheel" in conducting discovery. D.E. #102 at 11. Unfortunately, that is what Eon has been attempting to do.

**(1) King's Responses to Interrogatories #4-7**

King has objected to Eon's interrogatories as exceeding the Rule 33 limit of 25 interrogatories, "inclusive of discrete subparts." Fed. R. Civ. P. 33(a)(1). Eon counters that the subparts are not "discrete" and that, if they are, Eon should be granted permission to exceed the limit because of the alleged importance of the discovery sought. D.E. #179 at 1-2.

Prior to serving Interrogatories #4 through #7, Eon had secured King's responses to Interrogatories #1 through #3, which, including subparts, comprised nearly 200 interrogatories. D.E. #185 at 1 & n.1. When Eon subsequently demanded responses to additional multi-faceted interrogatories, King was amply justified in objecting that Eon had

---

[3] See *infra* p. 5.

exceeded its limit, particularly given Eon's refusal to answer interrogatories in excess of 25 and this Court's recent decision sustaining that objection. D.E. #152 at 3; D.E. #163 at 2. The subparts in Eon's interrogatories are no less "discrete" than those to which Eon had earlier objected.

Furthermore, Interrogatories #4 through #7 relate to issues that were subject to discovery in the 400 mg actions and thus cannot be said to constitute "new issues" in this case. Interrogatories #4 and #5 relate to certain patent claim terms; Interrogatory #6 relates to the use of metaxalone; and Interrogatory #7 asks when twelve named individuals first became aware of certain prior art references. Having successfully persuaded the Court to keep discovery "narrowly focused on the new issues presented" (D.E. #98), Eon should not now be heard to complain when the Court enforces that limitation and sustains King's objections.[4]

**(2) Elan's Responses to Interrogatories #2, 3 and 7**

Eon has served Elan with interrogatories seeking facts establishing an absence of intent to deceive the United States Patent Office during the prosecution of the patents in suit (Interrogatory #2), facts supporting any alleged "secondary considerations" of non-obviousness (Interrogatory #3), and facts as to when a dozen specified individuals first learned of certain prior art references (Interrogatory #7). Eon thus seeks additional discovery concerning validity and/or enforceability, issues as to which Eon previously disclaimed the need for further

---

[4] The Court will, however, require Elan, presumably the party with knowledge, to provide information related to the subject of Interrogatory #7. See *infra* p. 5.

discovery.[5] On this basis alone, the Court would be warranted in denying Eon's motion to compel. Furthermore, the three interrogatories at issue all contain numerous subparts, which together exceed Rule 33(a)(1)'s limit of 25 interrogatories.[6]

Nevertheless, the Court in its discretion will allow Eon to serve Elan with narrowly focused interrogatories to elicit information that it apparently was unable to obtain through depositions in the 400 mg litigation: to wit, the custodians of prior art documents that Elan produced from its files but did not disclose to the Patent Office. D.E. #180 at 2. As the Court will limit Eon to designating no more than ten prior art documents, requiring Elan to respond to such interrogatories will not cause any undue burden.

**(3) Elan and King's Responses to Document Request #14**

In a document demand served on both King and Elan, Eon requested that they produce "[a]ll communications between Elan and King concerning the Patents or any application for said Patents." D.E. #180 Ex. D. Specifically, Eon seeks documents related to the state court litigation between King and Elan. D.E. #180 at 3. According to Elan, it previously produced responsive documents, which are identifiable by the second set of bates numbers in the format

---

[5] See *supra* p. 2. Eon does not dispute that obviousness and intent were explored at length in discovery in the prior actions.

[6] Elan also argues that Eon's requests improperly seek post-complaint information. D.E. #182 at 1-2. Elan erroneously relies on this Court's Order of May 28, 2008 for the proposition that no post-complaint information is discoverable. In fact, the ruling cited by Elan concerned the need to include on a privilege log post-complaint communications withheld on grounds of privilege. D.E. #163 at 2. The discoverability of unprivileged post-complaint information was not before the Court and thus was not expressly addressed by it. (However, Eon's demands for post-complaint discovery would appear to be inconsistent with their previous arguments that discovery on the 400 mg product was "complete" and that discovery in this case should be limited to issues relating to 800 mg metaxalone.)

used in the Elan/King state court action. D.E. #182 at 3. Under these circumstances, absent a more narrow, targeted demand, the Court declines to order any further response from either Elan or King.

## CONCLUSION

For the foregoing reasons, Eon's motions to compel are denied, with one exception: King is authorized to serve on Elan, by July 17, 2008, narrowly focused interrogatories that require Elan to disclose, as to any ten prior art documents produced by Elan from its files but not disclosed to the Patent Office, the identities of the custodians of such documents. Elan's motion for a protective order is otherwise granted with respect to the discovery demands that are the subject of this opinion.

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 15, 2008

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**