UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KING PHARMACEUTICALS, INC., et al.,

                            MEMORANDUM AND
            Plaintiffs,            ORDER

      -against-                   04-CV-5540 (DGT)

EON LABS, INC.,

            Defendant.
------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

        On November 26, 2008, the final date for fact discovery, defendant Eon Labs, Inc. ("Eon") moved for an order compelling plaintiff King Pharmaceuticals, Inc. ("King") to produce, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a witness to testify to ten of the thirty-eight topics listed in Eon's Rule 30(b)(6) notice dated October 30, 2008. See ECF Docket Entry ("D.E.") #252 and Exhibit A thereto. Specifically, Eon demands testimony concerning Topics 4, 30, 31, 32, 33, 34, 35, 36, 37, 38, which seek the "factual bas[e]s" for "King's contention[s]" or (in the case of Topic 34) "King's understanding of how Eon will sell its 800 mg metaxalone product . . . ." See D.E. #252 at 1-2. King rightly objects to Eon's application on the merits and as untimely. See D.E. #259.

        Eon's argument that the aforesaid topics "parallel" those as to which Eon has been ordered to produce Rule 30(b)(6) witnesses (D.E. #252 at 1) is plainly frivolous. In actuality, the Court disallowed many of the areas of inquiry requested by King and required testimony only as to those topics on which Eon intends to proffer fact witnesses at trial or on summary

judgment. See generally D.E. #258.[1] Notwithstanding Eon's assertion to the contrary, see D.E. #262, Eon's Rule 30(b)(6) requests, in contrast, do not seek to elicit underlying facts,[2] but rather seek King's elaborations on its legal theories of the case. That is an improper use of Rule 30(b)(6) depositions, which "are designed to discover facts, not contentions or legal theories . . . ." JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

Further, the timing of Eon's motion adds to its suspect nature. Despite the parties' meet-and-confer on November 6, 2008 (see D.E. #259 at 2), Eon waited until the last day of discovery, nearly three weeks later, to make its motion. Eon apparently was awaiting the filing and outcome of King's 30(b)(6) application. The Court refuses to reward such gamesmanship.

## CONCLUSION

For the foregoing reasons, Eon's motion is denied in its entirety.

**SO ORDERED.**

Dated:  Brooklyn, New York
        **December 4, 2008**

                                        **ROANNE L. MANN
                                        UNITED STATES MAGISTRATE JUDGE**

---

[1] Thus, the Court ruled that, if Eon was willing to stipulate that it would rely only on expert testimony on a topic, it need not produce a Rule 30(b)(6) witness on that topic. See D.E. #258, at 17.

[2] King has represented that it has no personal knowledge on the disputed topics. See D.E. #259, at 1.