UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
KING PHARMACEUTICALS, INC., et. al.

      Plaintiffs/Counterclaim Defendants,

-against-

EON LABS, INC.,

      Defendant/Counterclaim Plaintiff.

------------------------------X

MEMORANDUM AND ORDER

Civil Action No.
CV-04-5540 (DGT)(RLM)

Trager, J:

On June 2, 2009, Eon filed a letter requesting that the briefs related to its motion for attorneys' fees be unsealed. King and Elan opposed this request in various letters, stating principally that unsealing the briefs would jeopardize their confidential information and confidential information belonging to third parties. According to King, this third-party information had been included in the discovery process with the understanding that it would remain confidential.

As discussed in its June 15, 2009 letter, King subsequently submitted redacted briefs ("the redacted briefs"). King indicated that the redacted briefs protected King's confidential information and that of "other parties . . . including Elan's." King's further stated that, in preparing the redacted briefs, it had made a "good faith effort" to protect confidential information belonging to third parties.

On June 17, 2009, Eon's counsel filed a letter asking that these redacted briefs be made available to his clients, Eon and Sandoz. Eon indicated that, in conversations between the parties, King and Elan had given no justification for why these redacted briefs should not be so disclosed. No response has been filed to Eon's June 17 letter.

On June 25, 2009, Eon filed a request that its time to submit its reply brief be extended to July 1, 2009.

It is hereby ORDERED that King and Elan shall submit a sealed letter within 14 days of this order addressing several issues relating to the allegedly confidential information (the "confidentiality letter"). The confidentiality letter may be submitted jointly or King and Elan may each submit its own. First, the confidentiality letter shall specifically identify, by page and line number, each piece of allegedly confidential information contained in the unredacted briefs. The confidentiality letter shall and give detailed reasons why each piece of information should remain sealed. As noted in the amended protective order filed January 14, 2005, the burden is on the party producing allegedly confidential information to show that its properly designated as confidential if that designation is challenged. Eon has adequately identified the information that it believes has been improperly designated as confidential by requesting that the unredacted briefs be unsealed. If King

and Elan's letter is not persuasive, the unredacted briefs will be unsealed. No response shall be made by Eon until requested by the Court. If such a request is made, the response shall address only those matters specifically requested.

Second, the confidentiality letter shall <u>specifically</u> identify, by page and line number, the allegedly confidential information belonging to third parties contained in the unredacted briefs. The confidentiality letter shall also state exactly what assurances, if any, were given to the third parties regarding this information.

<u>Third</u>, the confidentiality letter shall indicate if any third party information that is allegedly confidential remains in the redacted briefs. King's letter of June 15 was equivocal on whether any such information might be present. If any such information is present in the redacted briefs, the confidentiality letter shall identify it by page and line number.

It is further ORDERED that any third parties wishing to submit a letter regarding their allegedly confidential information shall do so within 14 days of this order. The parties to this case are directed to promptly apprise all third parties whose confidential information may be contained in the unredacted briefs or in the redacted briefs of this order.

It is further ORDERED that, unless the confidentiality letter <u>specifically</u> indicates, by page and line number, that the

redacted briefs contain third party information that is allegedly confidential, the redacted briefs shall be made available to Eon and Sandoz in 14 days from the date of this order. Should the confidentiality letter indicate the presence of possible third-party confidential information in the redacted briefs, the redacted briefs will not be made available to Eon and Sandoz on aforementioned schedule. Instead, the matter of whether the redacted briefs will be made available to Eon and Sandoz will be addressed in a subsequent order.

It is further ORDERED that Eon's June 25 request for an extension of time until July 1, 2009 to file its reply brief on the issue of exceptional case is GRANTED.


Dated:    Brooklyn, New York
          June 25, 2009

                                        SO ORDERED:

                                        s/ DGT
                                        _____
                                        David G. Trager
                                        United States District Judge

4